CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 0 4 2006

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### LYNCHBURG DIVISION

| | | |
|---|---|---|
| RICHARD A. PLASTER,<br>    Plaintiff, | ) <br> ) <br> ) | |
| v. | ) <br> ) | Case No. 6:05-CV-00006 |
| SHERIFF MIKE BROWN, et al.,<br>    Defendants. | ) By: <br> ) | Hon. Michael F. Urbanski<br>United States Magistrate Judge |

## MEMORANDUM OPINION AND ORDER

This matter is before the court on plaintiff's request to depose a state court grand juror about statements he made as to grand jury deliberations of the charges lodged against plaintiff. Defendants object on the grounds that such deposition testimony invades grand jury secrecy and is irrelevant. For the following reasons, plaintiff's request to take the deposition of the grand juror is **DENIED**.

Generally, under both federal and state law, a veil of secrecy shrouds the proceedings of grand juries. See Fed. R. Crim. P. 6(e); Va. Code Ann. § 19.2-192. The proper functioning of the grand jury system depends upon the secrecy of grand jury proceedings, and the rule of grand jury secrecy is an integral part of our criminal justice system. Douglas Oil Co. v. Petrol Stops Northwest, 441 U.S. 211, 218-19 (1979). As a result, the secrecy of grand jury proceedings is intruded into only in rare circumstances. Shields v. Twiss, 389 F.3d 142, 147-48 (5th Cir. 2004). Grand jury proceedings may be made available by the court in limited circumstances upon a showing of particularized need.[1] Douglas Oil, 441 U.S. at 222-23; United States v. Nguyen, 314

---

[1] Particularized need is established by a three part test set forth in Douglas Oil. Petitioner must show that the requested minutes are needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that the request is structured to cover only material so needed. Douglas Oil, 441 U.S. at 222.

F. Supp. 2d 612, 616 n.6 (E.D. Va. 2004).

Plaintiff requests a deposition of a grand juror, Derek Noel, as regards statements plaintiff claims he made about the grand jury's deliberations to persons outside of the grand jury. In particular, plaintiff claims that Noel told others that defendant Goynes testified falsely to the grand jury about the number of witnesses to the Plaster/Ivory shooting incident, and that the grand jury would not have issued a true bill but for this claimed false testimony. Through this testimony, plaintiff seeks to discover one grand juror's recollection of the testimony of a grand jury witness and his opinion regarding the impact of that testimony on the deliberations of that body. It is clear that any such testimony runs afoul of the prohibition against disclosing grand jury proceedings. See Va. Code. Ann. § 19.2-192.

Taking the deposition of selected grand jurors regarding their recollections and opinions concerning deliberations is fraught with danger. Plaintiff has offered no authority supporting the proposition that one may depose grand jurors at all, let alone that justice so requires in this instance. See Shields, 389 F.3d at 148 ("This court, like other courts, is unaware of any authority supporting this proposition [that one can depose grand jurors]. If depositions of grand jurors could ever be taken – a matter as to which this court expresses no opinion – it would take a far more substantial showing of particularized need than what Shields has made here.") (internal citations omitted).

Second, even if, as plaintiff proposes, the proposed testimony be limited to statements made by the grand juror to persons outside of the grand jury, such testimony, if offered for the truth of the matter asserted, is not admissible in evidence under the hearsay rule. Fed. R. Evid. 802. Further, given the cloak of secrecy that the law imposes on grand jury deliberations, it is

2

difficult to see how deposition testimony concerning statements made by a grand juror regarding the grand jury's deliberations could reasonably be calculated to lead to the discovery of admissible evidence. As such, such testimony is outside the permissible scope of discovery. Fed. R. Civ. P. 26(b)(1). After all, the real issue in this case does not concern one grand juror's perception of a witness or his opinion as to the impact of that testimony on the deliberations of the grand jury. From Plaster's perspective, the issue is whether defendant Goynes violated Plaster's constitutional rights through his claimed false testimony.

For these reasons, plaintiff's request to depose a grand juror concerning statements he made as to the grand jury's deliberations is **DENIED**. While plaintiff's request to depose grand juror Noel is denied, this does not preclude plaintiff from requesting in discovery the transcripts of the grand jury testimony of parties to this proceeding, which may be subject to discovery in rare instances where the Douglas Oil particularized need standard is met.

It is so **ORDERED**.

Enter this _4th_ day of January, 2006.

Michael F. Urbanski
United States Magistrate Judge

3